# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **VAMSIDHAR VURIMINDI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ALEJANDRO MAYORKAS, Secretary,** | § | |
| **U.S. Department of Homeland Security,** | § | |
| **MERRICK GARLAND, Attorney** | § | **Case No. 1:23-CV-00220-LY-SH** |
| **General of the United States, UR** | § | |
| **MENDOZA JADDOU, U.S. Citizenship** | § | |
| **and Immigration Services Director,** | § | |
| **CONNIE NOLAN, Deputy Associate** | § | |
| **Director, Service Center Operation** | § | |
| **Directorate, USCIS, DEBRA A.** | § | |
| **ROGERS, Potomac Service Center** | § | |
| **Director, USCIS, MARIO ORTIZ, San** | § | |
| **Antonio District Director, USCIS, and** | § | |
| **WILEY BLAKEWAY, San Antonio** | § | |
| **Field Office Director, USCIS,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
**        UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint for Declaratory, Mandamus, and Injunctive Relief

5 U.S.C. § 702 (Administrative Procedure Act) (Dkt. 1), Motion to Appoint Counsel (Dkt. 1),

Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Application

for Permission to File Electronically (Dkt. 3), all filed February 27, 2023. The District Court

referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil

Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the

Western District of Texas, and the Court Docket Management Standing Order for United States

District Judge Lee Yeakel. Dkt. 4.

## I.   Background

Plaintiff alleges that he became a Lawful Permanent Resident ("LPR") of the United States in 2008. Dkt. 1 (Complaint) ¶ 2. On February 7, 2017, an immigration judge found that Plaintiff was removable under 8 U.S.C. 1227(a)(2)(E)(i) based on his conviction for misdemeanor stalking under Pennsylvania state law, 18 PA. STAT. AND CONS. STAT. § 2709.1(a)(1). *Id.* The Board of Immigration Appeals ("BIA") affirmed the decision on appeal and issued a final removal order. *Id.* The BIA reopened and administratively closed Plaintiff's removal proceedings on October 10, 2017, but reinstated its final removal order on April 9, 2019. *Id.* ¶ 17.

Plaintiff appealed the BIA orders to the United States Court of Appeals for the Third Circuit, which held that Plaintiff's offense of conviction does not qualify as a removable offense. *Vurimindi v. Attorney Gen. United States*, 46 F.4th 134, 148 (3d Cir. 2022). The court vacated the BIA orders and remanded to the agency for further proceedings. *Id.* Plaintiff then filed a motion to terminate removal proceedings with the BIA, which the Department of Homeland Security did not oppose. Dkt. 1 ¶ 18. Plaintiff alleges that the removal order has not been vacated on the BIA case docket. *Id.* ¶ 22.

Plaintiff also alleges that he filed an Application To Replace Permanent Resident Card (I-90) with the Citizenship and Immigration Services ("USCIS") on November 13, 2022. *Id.* ¶¶ 20-21. USCIS assigned his application Request Number IOE0918945576 and sent him a notice stating: "This notice, together with your Form I-551, Permanent Resident Card (also known as a Green Card), provided evidence of your lawful permanent resident status for 24 months from the expiration date on the front of your Permanent Resident Card." *Id.* ¶ 20. Plaintiff's Permanent Resident Card expired in 2018, and he lost the card. *Id.* ¶ 21. Plaintiff also sought temporary proof of LPR status from the USCIS San Antonio Field Office. *Id.* ¶ 21. Plaintiff alleges that the San Antonio Field Office informed him on February 22, 2023 that he has no legal status in the United

States because the BIA case docket does not show that the removal order was vacated. *Id.* ¶ 22. Plaintiff alleges that he cannot file an appeal of this decision because the San Antonio Field Office did not issue a written order. *Id.* ¶ 23.

On December 1, 2022, Plaintiff filed a writ of mandamus, asking the Third Circuit to compel the BIA to terminate his removal proceedings. *In re Vurimindi*, No. 22-3279, 2022 WL 18000053, at *1 (3d Cir. Dec. 30, 2022).[1] The court denied the petition on the basis that Plaintiff had not shown that the BIA was unreasonably withholding or delaying its disposition. *Id*. On February 27, 2023, Plaintiff filed a second writ of mandamus seeking the same relief, which remains pending. *In re Vurimindi*, No. 23-1334 (3d Cir. Feb. 23, 2023).

The same day, Plaintiff filed this lawsuit seeking a declaration that Defendants must provide him with proof of his LPR status and an order compelling them to do so. He alleges that: (1) Defendants failed to process his Form I-90 or provide him with an Alien Documentation Identification and Telecommunication stamp within a reasonable time, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b); (2) Defendants should be ordered to approve his Form I-90 and provide him with Form I-551 under the Mandamus Act, 28 U.S.C. § 1361; and (3) Defendants failed to provide him with proof of work authorization within a reasonable time, in violation of 5 U.S.C. § 555(b).

After filing this case, Plaintiff filed a second suit in this Court against various federal agencies and officials seeking declaratory, injunctive, and mandamus relief related to his removal proceedings. *Vurimindi v. Correa*, No. 1:23-CV-00262-LY-SH (W.D. Tex. Mar. 30, 2023).

---

[1] The Court may take judicial notice of other cases as matters of public record. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019).

## II.   Order

### A.  Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

### B.  Application for Permission to File Electronically

Plaintiff also asks the Court to approve his request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 3) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If he has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

### III.  Report and Recommendation

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014). This is because *in forma pauperis* status "does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)).

As stated, Plaintiff's petition for a writ of mandamus compelling the BIA to terminate his removal proceedings remains pending before the Third Circuit. Although Plaintiff seeks different relief from different defendants in this case, the claims arise out of "the same nucleus of operative facts," and he could have brought those claims in his petitions to the Third Circuit. *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016); *see also Ferrara v. City of Kyle*, No. SA-22-CV-00741-FB, 2022 WL 10757425, at *4 (W.D. Tex. Oct. 18, 2022) (dismissing complaint as frivolous where suit was based on "same nucleus of operative facts" despite asserting new claims regarding prosecution initiated after plaintiff's other cases were filed), *R. & R. adopted*, Dkt. 24 (W.D. Tex. Dec. 31, 2022). Accordingly, the Court recommends that this duplicative lawsuit should be dismissed as frivolous.

### IV.   Order and Recommendation

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Application for Permission to File Electronically (Dkt. 3) are hereby **GRANTED**.

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) and **DISMISS AS MOOT** his Motion to Appoint Counsel (Dkt. 1).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 22, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE